IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**FIRST PERFORMANCE, LLC, ET AL.**                                                  **PLAINTIFF**

**v.**                                                            **CIVIL No. 2:11-CV-39-JMV**

**DESOTO COUNTY**                                                                **DEFENDANTS**

## ORDER

This matter is before the court on the motion of Defendants, the County and the County Administrator in his official capacity, to dismiss this 42 U.S.C. § 1983 complaint for failure to state a cause of action under Fed. R. Civ. Pro. 12(b)(6).[Docket #10] Specifically, these Defendants assert that the complaint fails to allege a policy, custom or practice that caused a constitutional violation as is required under *Monnell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978), to impose liability on a county or its employees in their official capacities.

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 232-33 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. 1937. A legally sufficient complaint must establish more

than a "sheer possibility" that the plaintiff's claim is true. *Id.*, 129 S. Ct. 1937. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

## Discussion

In his response to the motion to dismiss, counsel for the plaintiff asserts that he "tends to agree" with defendants' assertion that he must establish the requisite policy, custom or practice, resulting in a constitutional violation, but he suggests (though citing no law in support thereof) that he is not required to so plead the same (or facts from which it might reasonably be inferred) unless and until discovery ultimately reveals that there is such a policy, custom, or practice, upon which to found his complaint. Plaintiff is mistaken. To withstand a 12(b)(6) challenge he must plead either every material point necessary to sustain recovery, or his complaint must contain allegations from which an inference fairly may be drawn that evidence of these material points will be introduced at trial. *Campbell v City of San Antonio* 43 F.3d 973, 975 (5th Cir. 1995). It is evident from a review of plaintiff's complaint that it fails to meet the requisite pleading standard.

In apparent recognition of the complaint's failings, plaintiff also asks the court, by way of request imbedded in his response, to allow him an opportunity to amend his complaint to cure the deficiencies asserted by the defendants. Defendants did not, by way of reply brief, respond to this request to amend, and the court would not ordinarily take up such an imbedded request to amend. Instead, this court requires a party seeking to amend to file a motion to that effect with

the proposed amended complaint attached. In the instant case, the court is mindful that a stay of all motions unrelated to the immunity issue was entered in this case on April 5, 2011, and remains in place pending disposition of the immunity based motion to dismiss filed by the state defendants [Doc. 5]. In light of that prior potentially perceived obstacle to the filing of a motion to amend, the court will permit the defendant ten days from the date hereof to move to amend (with attached proposed amended complaint) so as to adequately state a claim under 12(b)(6).

The court also finds that at this juncture the motion for sanctions is not well taken and will be denied.

In order to effectuate the intent of this order, the court directs the clerk to withhold dismissal of Desoto County and Michael Garriga, in his official capacity as County Administrator of Desoto County for a period of thirty days. At the conclusion of thirty days, the court will either direct the clerk to dismiss the county defendants consistent herewith or to allow the case against them to proceed on the basis of the amended complaint, if any, is permitted.

**SO ORDERED**, this, the 9th day of August, 2013.

/s/Jane M.Virden
United States Magistrate Judge